JUDGMENT *Reversed* by this court, at April term, 1766, and a *new trial* ordered at the Cecil assizes.

3. The plaintiff at the new trial produced a witness to prove his possession in the *close* in which the trespass is alleged to have been committed. The defendant offered and insisted to examine the same witness, to shew a prior possession in him in the place where, &c. upon the plea of *not guilty*. The plaintiff objected, it not being legal evidence, upon the general issue plea of *not guilty*.

*Hall, S. Bordley* and *Paca*, for the Plaintiff.
*Garnet* and *Rumsey*, for the Defendant.

———※———

## MAY TERM, 1768.

BRITTON, *qui tam. vs.* RIDGELY *et al.*

THIS was an action of debt on the statute of 32 *Henry VIII. ch.* 9, for *purchasing a pretended title, in fee, of Absalom Boreing.*

The declaration states, "that the said *N. Britton* on the 27th of July 1765, at, &c. was seised for one whole year then last passed of a tract of land called *Boreing's Forrest*, containing, &c. lying in, &c. and also of one other tract of land called *Cuckoldmaker's Hazard*, containing, &c. lying in, &c. and also of one other tract of land called *Boreing's Gift*, &c. and the rents and profits of the said lands, and every of them, for the whole time aforesaid, and long before, had taken and received to his own proper use and behoof. Nevertheless a certain *Absalom Boreing* of, &c. not having any right or title to the said lands, or either of them, but pretending a right and title to the same, did on the day and year aforesaid, at, &c. enter upon the said lands, the said N. B. of the said lands being then seised, and the possession and seisin of the same having then and continually before kept and had, and the said A. did then and there, by a certain instrument of writing, grant, bargain, sell and convey, unto the said C. R. &c. the several tracts of land aforesaid, with their, &c. and the said instrument of writing the

said A. did then and there seal and deliver to them the said C. R, &c. as the act and deed of him the said A. when neither the said A. nor his ancestors, nor those by whom the said A. claims, had been in possession of the said tracts of land, or either of them, or the reversion or remainder thereof, or taken the rents and profits thereof, by the space of one whole year before the said entry and sale as aforesaid, against the form of the statute in such case made and provided. And the aforesaid C. R, &c. well knowing the premises, afterwards, to wit, on, &c. at, &c. the said instrument of writing so sealed and delivered as aforesaid, did take and accept of him the said A. and the said several tracts of land of him the said A. and his pretended right and title to the same, did then and there buy, against the form of the statute in such case made and provided. And the said N. B. who as well, &c. further saith, that the said lands, at the time of the sale and purchase aforesaid, were and still are of the value of 1500l. sterling aforesaid. By reason of which," &c.

The defendants pleaded *non cul.* and issue was joined. At the April assizes a *special verdict* was found, stating the following facts, viz. 1. The patent of *Boreing's Forest* to *John Boreing, junior,* 23d of September 1747.

2. The patent of *Cuckoldmaker's Hazard* to *John Boreing, junior,* 20th of May 1725.

3. The patent of *Boreing's Gift* to *John Boreing, junior,* 8th of May 1730.

4. That the said *Boreing,* father of *Absalom,* entered into, was seised in fee, and died seised of the above lands.

5. That the lands descended to *Absalom Boreing* mentioned in the declaration, as his son and heir at law.

6. That *Absalom Boreing* entered into the lands, was *seised in fee,* and *possessed* the same, until some time in 1761.

7. That then *Absalom Boreing* being *an infant,* made a contract and agreement with *Nicholas Britton* for the purchase and sale of the above lands.

8. That *Britton,* in consequence of his contract and agreement with *Boreing,* and with the consent, permission, and leave of *Boreing,* entered into and possessed the lands aforesaid.

9. That *Britton,* by and with the consent and agreement of *Boreing,* possessed and occupied the same until *Boreing's* deed to the defendants on the 27th of July 1765.

10. That *Avarilla Boreing,* widow of *John Boreing,* mother of *Absalom,* then in his minority, being entitled to her dower in the above lands, and having received the rents thereof after the death of *John Boreing,* no assignment of her dower in the said lands, or any part thereof,

having ever been made, on the 12th of March 1763, conveyed her right and title of dower to *Britton*, and claiming her right of dower, actually delivered him possession thereof.

11. That *Absalom Boreing*, after he came to the age of 21 years, to wit, on the 11th of February, 1765, made a contract with *Britton* for the absolute sale of the lands, and gave his bond dated the same day.

12. That *Britton*, in consequence of the agreement made with *Boreing* in his minority, and also under the deed from *Avarilla Boreing*, and under and by virtue of the bond made after full age, *continued* in the actual occupation of the lands until the deed to the defendants of the 27th July 1765.

13. That *Britton* from the time of his entry until the execution of the deeds, occupied, used, and worked the same lands as his own property, tended part in corn and wheat, cut timber and firewood in other part, also erected and had a limekiln on the lands.

14. That *C. Ridgely*, by permission of *Britton*, cut cord wood on the lands at 6d. per cord; that *Britton* received rent of the tenant living on the lands for two years subsequent to the time of his entry.

15. That *C. Ridgely*, at the request of the tenant, paid *Britton* part of one year's rent.

16. That *Boreing* on the 27th of July 1765, executed a deed of bargain and sale to the defendants for the lands mentioned in the declaration.

17. That the defendants accepted the deed, had the same acknowledged and recorded, and have since claimed the lands by virtue thereof.

18. That neither *Boreing* nor the defendants were in the *actual possession* of the lands at any time within one year next preceding the deed of the 27th of July 1765, or had taken rents and profits thereof, in any other manner than as aforesaid found.

19. That the value of the lands, at the time of the deed, was the sum of 430*l.* sterling.

*Goldsborough,* (Attorney General,) and *Paca,* for the Plaintiff.

*Jenings, Johnson, Chase* and *Alexander,* for the Defendants.

The defendants attornies made *three objections* to the declaration.

1st. Because it is not shewn or alleged in the declaration that the defendants were not in possession for one whole year before, &c.—*Vide* Stat. 32. *Hen. VIII. c,* 9, and *H. P. C.* 265, *pl.* 17.

2d. Because it is alleged in the declaration, that *Boreing* on the 27th July 1765, entered upon the lands, and then and there by an instrument of writing did sell to defendants, and did then and there seal and deliver to the defendants.

3d. Whether as a moiety of the forfeiture is given to the *King* by the statute, the suit should not be in his name. 7 *Co.* 35, *b.* 36, *a. Davis*, 69. *Hard.* 448. 1 *Sid.* 6. 3 *Inst.* 186, 7. Act of assembly 1716, *c.* 3.

Quere—Whether *"well knowing the premises"* is a sufficient averment that the defendants knew that *Boreing* had not been in possession a year before. *Vide H. pl.* 164, s. 9·

To shew that the plea of *non cul* was a good plea, they cited *Co. Ent.* 160. *Hands.* 82. *Godb.* 144, *pl.* 180. *Jo.* 320. *Cro. Car.* 314. 2 *Roll. Ab.* 682. *Freeman*, 129, *pl.* 150. *Hard.* 231. *Hob.* 218 *in point. Cro. Eliz.* 271, *Savory vs. Toy.*

Upon the *special verdict*, the following points were raised

*First.* Whether *Britton* was not tenant at will to *Boreing?*

*Secondly.* Whether the possession of *Britton* was not the possession of *Boreing?*

*Thirdly.* Whether the deed of bargain and sale can operate?

*Fourthly.* Whether the deed was not a determination of *Britton's* estate at will?

*Fifthly.* Whether the action can be maintained on the statute of 32 *Hen. VIII. cap.* 9?

*Sixthly.* Whether the lease of an *infant*, without reservation of rent, is *void* or *voidable?*

*Seventhly.* What is a pretended right or title within the statute?

*Eighthly.* Whether *Britton* was a disseisor.

*Ninthly.* That the verdict has not found any act done by the defendants contrary to the statute.

To 1st. *point*—Cited *Vin. Ab. tit. Estate*, 412 *( C. c. 5 ) pl.* 2. *Shower*, 315. *Comb.* 177. *Co. Lit.* 55, *s.* 68, *p.* 67, *s.* 70, 72. 1 *Salk.* 247. *Cart.* 202. 3 *Salk.* 156. *Sir Tho. Raymond*, 147. *Carter*, 60, 64, 198, *pl.* 6. 12 *Mod.* 14. *Vin. Ab. tit. Estate*, 399, *pl.* 9. Cites *Bro. Ab. tit. Per Capia*, 256, *pl.* 5. Cites 15 *E. IV.* 4, 5. 4 *Mod.* 12. *Shower*, 310. 1 *Sid.* 458, *Vin. Ab. tit. Estate*, 400, *pl.* 16, 397 *pl.* 6. Cites 15 *E. IV.* 6. 2 *Sid.* 153. *Cro. Car.* 202, 302. *Jo.* 316. *Cro. Car.* 434, 338, *pl.* 1. *Vin.* 398, *pl.* 15. Cites *Keb.* 26, *pl.* 4. *Lev.* 208, *Lamaster's* case.

To 2d *point*—Cited *Yel.* 165. *Co. Lit.* 15, *a.* 243, *a* 2 *Brownl.* 298. *Cro. Jac.* 659, *pl.* 9. 2 *Roll. Rep.* 241, 4. 1 *Roll. Ab.* 859. *Palmer*, 201, 8. *Bro.* 12. 4 *Mod.*

48. 3 *Mod.* 196. 1 *Shower*, 72. *Lat.* 53. *Litt. Sect.* 588. 2 *Cro.* 684. *Lucas*, 55. 1 *Lev.* 270. *Salk.* 245.

To 3d *Point*—Cited *Carter*, 161. 2 *Inst.* 672. 3 *Lev.* 312, 387-8. 1 *Lev.* 270. *Cro. Eliz.* 483, *pl.* 19, 446, *ι.l.* 11. 2 *Rep.* 24, *a.* 54, *a.* 2 *Co.* 31. *Noy*, 73. *Co. Lit-* 49, *a.* 2 *Co.* 23. *Co. Litt.* 49, *a.* 2 *Cro.* 604. 2 *Str.* 1086.

To 4th *Point*—Cited 2 *Lev.* 88. 1 *Vent.* 247. *Sir Tho.* *Raym*, 224. 3 *Keb.* 166, 207. *Co. Lit.* 55, *a.*

To 5th *Point*—Cited *Co. Litt.* 369, *s.* 701. Cites *Dyer*, 52. *Plowd.* 88. 4 *Bac. Ab.* 292. 4 *Ann. Cap.* 16, *s.* 9, 10. *Carter*, 5. 1 *Vent.* 248. *Noy*, 71, 72. See 9th *Point.*

To 6th *Point*—Cited 3 *Bac. Ab.* 304, and 137, by which it seems the lease is only *voidable*—Vide 2 *Str.* 937.

To 7th *Point*—Cited *Plowd.* 87, 88, 89.

To 8th *Point*—What is a disseisor—*Litt. Sect.* 279. *Co. Litt.* 181, 277. *Cro. Car.* 303, *pl.* 6. *Co. Litt.* 271. *a.* What is a disseisin—*Co. Litt.* 153. *b.* 277. *a.* *Carter*, 162, 3. *Bracton, Lib.* 4 *Cap.* 3. *Co. Lit. Sect.* 233, 152, *a.* 2 *Bac. Ab.* 97. *Co. Litt.* 161, *b. s.* 239, 238, 237. *Lat.* 53. *Cart.* 162. *Cro. Car.* 302, *pl.* 6. *Cro. Eliz.* 830, *pl.* 38. 1 *Jones*, 315. *Cro. Car.* 220, 221. *Bro. Ab. tit. Disseisin*, 68, 30. *Dalison*, 46. 2 *Bac. Ab.* 99, 100. 1 *Roll. Ab.* 661. *Cro. Car.* 223. *Vin. Ab. tit. Des-seisin*, 89. *pl* 42, 45. 90, *pl.* 59; 107, *pl.* 8; 102, 85, *pl.* 8; 103, *pl.* 5; 104, *pl.* 12. 3 *Mod.* 150. *Co. Litt.* 46, *b. Lilly Convey.* 222. 3 *Mod.* 196. *Cro. Car.* 302. *Co. Litt. s.* 588, 9. *Styles*, 407.

To 9th *Point*—Cited 2 *Bac.* 526. 1 *Lev.* 167. *Litt. Rep.* 369. *Dyer* 74, *pl.* 19, 20. *Plowd.* 80, 87. *Cro. Car.* 233. 2 *Bac.* 526. *Hawk. P. C.* 262, *cap.* 86. *Co. Litt.* 369. *b. s.* 701. Cites *Dyer*, 52. *pl.* 265, 6, *s.* 17. *Plowd.* 84, 87. *Co. Litt.* 56. *a.* 55, *b.* 57. [*c.*] 1 *Salk.* 413. *Lord Raym.* 707. 1008. 2 *Shep. Ab.* 81. 3 *Mod.* 150. 2 *Rep.* 25. *Vaugh.* 51. *Lilly Conv.* 17. 273. 277. 2 *Inst.* 672. 1 *Inst.* 672. *Litt. Rep.* 18. 6 *Rep.* 36. 5 *Rep.* 124. 10 *Rep.* 107. *b. Cro. Car.* 400. *pl.* 8. 2 *Vaugh.* 83. *Co. Litt.* 172. *a. Plowd.* 77. *Dyer*, 74. 4 *Bac. Ab.* 292. 1 *Vent.* 248.

The case was *discontinued* by consent, without costs.